**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | |
|---|---|
| SCOTT MAIR JR.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF RECOVERY SERVICES,<br><br>　　　　　　　　　　Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:12-cv-00473<br><br>United States District Court<br>Judge Dee Benson<br><br>Magistrate Judge Dustin Pead |

Currently before the Court is defendant Office of Recovery Services' (ORS) Motion To Dismiss plaintiff Scott Mair's (Mair) complaint (Document Number 11) and Motion To Unseal Document (Document Number 9), along with Mr. Mair's Motion For Leave to File Amended Complaint (Document Number 13), Motion Requesting Copies Of All Sealed Documents (Document Number 17), and Motion For Evidentiary Hearing (Document Number 19).

**Background**

On May 7, 2012, Mr. Mair filed a pro se complaint against the ORS (ORS) alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  (Document Number 3).  He alleges causes of action for excessive wage withholding, violation of 14th amendment civil rights/fathers rights and failure to report child neglect/abuse and asserts injury resulting from an inability to see "his daughter in over ten years do [sic] to failure to provide parent time."  (Document Number 3). On June 10, 2012, Mr. Mair filed a cryptic "Memorandum In Support Of Original Allegations" which in three lines references a violation of Rule 62A-11-413, self incrimination and a restitution amount of 250k.  (Document Number 10).

On June 25, 2012, ORS filed its Motion To Dismiss plaintiff's complaint asserting that

Mr. Mair's complaint is facially deficient.  (Document Number 11).  Mr. Mair opposed ORS'

motion and filed a Motion For Leave to file an amended complaint.  (Document Number 13).

On August 21, 2012, Mr. Mair filed a copy of his amended complaint which, similar to the

original complaint, states causes of action for excessive wage garnishment, violation of 14th

amendment child/father rights, and failure to report child abuse/neglect, but adds three new

claims for "rights and responsibilities of a State agency," malicious prosecution and "Cohesion

by threat to self incriminate".  (Document Number 15).  Mr. Mair attaches to his amended

complaint, a four page description of his case and claims, handwritten statements and a copy of

correspondence from the Office of Recovery Services to Rymark Inc. (Document Number 15).

Mr. Mair has also filed a Motion Requesting Copies of Sealed Documents (Document Number

17) and a Motion For Evidentiary Hearing.  (Document Number 19).

**Motion To Dismiss Standards**

When evaluating a Rule 12(b)(6) motion to dismiss, "the court presumes the truth of all

well-pleaded facts in the complaint, but need not consider conclusory allegations."  Margae, Inc.

v. Clear Link Tech., 620 F. Supp.2d 1284, 1285 (D. Utah 2009) (citing, Tal v. Hogan, 453 F.3d

1244, 1252 (10th Cir. 2006), cert. denied, 549 U.S. 1209, 127 S.Ct. 1334, 167 L.Ed.2d 81

(2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  "Conclusory allegations are

allegations that do not allege the factual basis for the claim."  Id. (citing, Brown v. Zavaras, 63

F.3d 967, 972 (10th Cir.1995).  "The court is not bound by a complaint's legal conclusions,

deductions and opinions couched as facts."  Id. (citing, Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  "Further, though all reasonable

inferences must be drawn in the non-moving party's favor, a complaint will only survive a

motion to dismiss if it contains enough facts to state a claim to relief that is plausible on its face."

Id. (citing, Twombly, 127 S.Ct. at 1969).

**Analysis**

### 1. ORS' Motion To Dismiss

Defendant ORS moves to dismiss Mr. Mair's complaint in which he alleges violations of 42 U.S.C. § 1983, excessive wage garnishment and violation of 14th amendment father/child rights. (Document Number 11). As an initial matter, Mr. Mair's complaint lacks facial plausibility in that it fails to articulate a factual or legal basis for his claims. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009) (quoting, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Here, Mr. Mair's claims are impossible to understand and fail to include any clear factual support for the allegations. The complaint may be dismissed and defendant's motion granted on this basis alone.

To the extent that Mr. Mair argues that ORS has violated his rights under 42 U.S.C. §1983, his claims must also fail. Specifically, 42 U.S.C. §1983 allows for a civil action against "[e]very person who, under the [law] of any Sate … subjects … any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983. Neither a "State and arms of the State ... are not subject to suit under §1983 in either federal or state court." Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 365 (1990). ORS is an office within the Department of Human Services, a state agency of the State of Utah. As a state agency, and arm of the state, ORS is not subject to liability under 42 U.S.C. §1983. Additionally, Mr. Mair's claims for violation of his 14th Amendment father/child rights and his claim for failure to report child neglect abuse fail to allege the violation of an established federal right or to supply any factual support.

Mr. Mair's complaint also appears to claim that the ORS withholds more from his paycheck for child support payments than allowed under the Federal Consumer Credit Act, 15 U.S.C. ch 41. However, the Eleventh Amendment to the United State Constitution prevents "any suit …commenced against one of the United States by Citizens of another States." U.S. CONST. amend. XI. The Supreme Court recognizes that a state's sovereign immunity extends to suits under federal law brought by citizens of the state that has been sued. Alden v. Maine, 527 U.S. 706, 712 (1999). Thus, as a state agency, ORS is immune from suit under the 11th amendment and principles of sovereign immunity. As an additional ground for dismissal, while Section 1673 of Title 15 of the U.S. Code places restrictions on the maximum allowable garnishment of earnings, most courts have concluded that neither Section 1673 nor any provision of the Consumer Credit Act that addresses garnishments provides for a private right of action for damages. *See,* 15 U.S.C. §§1671-1677; McCabe v. City of Eureka*, Mo.*, 664 F.2d 680,682–83 (8th Cir. 1981) (holding no private right of action to enforce §1674); Snapp v. U.S. Postal Service-Texarkana Mgmt. Sectional Ctr., 664 F.2d 1329, 1331 n.7 (5th Cir. 1982) (recognizing, in a case brought under §1673, the "considerable doubt that a private individual has an implied right of action under Title III.").

For these reasons, the Court recommends that defendant ORS' Motion To Dismiss the complaint be GRANTED.

### 2. Mr. Muir's Motion To Amend

On August 3, 2012, Mr. Mair filed a Motion For Leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. (Document Number 13). On August 21, 2012 Mr. Mair filed his amended complaint. (Document Number 15). In his motion, Mr. Mair asserts that his amendment contains "additional 'facts' of 'subject matter' to and for the sake of

clarification and stipulation of particulars have been added." (Document Number 13).  Upon

review, it appears that the amended complaint contains the same causes of action as the original

complaint for excessive wage garnishment, failure to notify a state agency upon recognition of

child abuse/neglect and violation of the 14th amendment parents' rights, but adds three new

claims for "Rights and Responsibilities of a State agency," malicious prosecution and "cohesion

by threat to self incriminate." (Document Number 15).

Mr. Mair's amended complaint, like the original complaint, lacks facial plausibility in

that it fails to articulate a factual or legal basis for his claims.  Additionally Mr. Mair's claims for

excessive wage garnishment, violation of 14th amendment child/father rights, and failure to report

child abuse/neglect still fail, as set forth above, because ORS as an arm of the state is immune

from suit, ORS is not a "person" who can be held liable under 42 U.S.C. §1983 and the Federal

Consumer Credit Act does not provide for a private right of action.

In connection with the new claim for "Rights and Responsibilities of a State agency"[1] Mr,

Mair cites to Rule 62A-11-413, a statute that requires ORS to maintain adequate records.

However, Mr. Mair pleads no facts to support a violation of the statute and the law itself does not

provide for a private right of action.  As to the new claim for malicious prosecution under state

tort law, Mr. Mair has not plead any facts to satisfy the elements of that cause of action[2] and that

---

[1]While the claim of "Rights and Responsibilities of a State agency" was previously part
of the separate factual allegations of the original complaint, in the Amended Complaint it appears
as  Count IV.

[2]The elements for a cause of action for malicious prosecution include: "(1) A criminal
proceeding instituted or continued by the defendant against plaintiff; (2) termination of the
proceeding in favor of the accused; (3) absence of probable cause for the proceeding; [and] (4)
'malice' or a primary purpose other than that of brining an offender to justice."  Amica Mut. Ins.
Co. v. Schettler, 768 P.2d 950, 959 (Utah Ct. App. 1989) (citations omitted).

claim is barred by Mr. Mair's failure to file a Notice of Claim as required under the

Governmental Immunity Act of Utah, UCA § 63G-7-401(2).  To the extent that Mr. Mair is

attempting to state a claim for malicious prosecution under a federal civil rights statute, ORS is

not a "person" pursuant to §1983 and therefore cannot be held liable.  Finally, as to Mr. Mair's

new claim for "cohesion by threat to self-incrimination" the claim fails because ORS is not a

"person" under §1983 and plaintiff has plead no facts to support a claim that he was compelled,

in a criminal case, to testify against himself.

Accordingly, because Mr. Mair has not stated plausible or legally sufficient claims

against ORS, providing leave to amend the complaint would be futile.  *See*, Brereton v. Bountiful

City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate

where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would

be futile.") (citing, Grossman v. Novell, Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)).  As a result,

the court recommends that Mr. Mair's Motion For Leave To Amend be DENIED.

**Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED to the District Court that:

1.  Defendant ORS' Motion To Dismiss be GRANTED.  (Document Number 11).

2.  Plaintiff Mr. Mair's Motion For Leave To Amend be DENIED.  (Document Number
    13).

3.  Defendant ORS' Motion To Unseal (Document Number 9), Plaintiff Mr. Mair's

Motion Requesting Copies of Sealed Documents (Document Number 17) and Motion For

Evidentiary Hearing be DENIED as moot.

Copies of the foregoing report and recommendation are being mailed to all parties who

are hereby notified of their right to object.  Any objection must be filed within 14 days after

being served with a copy.[3]  Failure to object may constitute a waiver of objections upon

subsequent review.

DATED this 13th  day of November, 2012.

_____

Dustin Pead

Federal Magistrate Judge

---

[3] *See,* Fed. R. Civ. P. 72(b)(2).